UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER M. MASHTARE,<br><br>                Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                Defendant. | No. CV-09-0346-CI<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen R. Rosette represents Christopher Mashtare(Plaintiff); Special Assistant United States Attorney Kathryn Miller represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff filed for disability insurance benefits (DIB) on August 17, 1995, and Supplemental Security Income (SSI) on February 10, 1995 (Tr. 1, 44-47.) He alleged disability due to residual dysfunction from a childhood head injury with an onset date of April

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

2, 1994. (Tr. 15.) Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ Bergtholdt on May 27, 1997. (Tr. 246-77.) A continuation of the hearing was held on May 27, 1998. (Tr. 279-87.) At these hearings, Plaintiff, medical expert Scott Mabee, Ph.D., and vocational expert Daniel McKinney testified. The ALJ denied benefits on June 18, 1998. (Tr. 12-25.) Plaintiff appealed the Commissioner's final decision and, on October 10, 2002, as stipulated by the parties, the United States District Court for the Eastern District of Washington remanded the matter to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Tr. 317-18, 319-20.)

On remand, supplemental hearings were held before ALJ Mary Reed on January 13, 2004, and May 27, 2004. (Tr. 366-421.) Plaintiff, who was represented by counsel, medical expert Allen D. Bostwick, Ph.D. and vocational expert Debra LaPoint (VE) testified at the May 2004 hearing. (*Id.*) The alleged closed period of disability was amended to September 1, 1994, through May 1, 1998, the date Plaintiff resumed work activity at substantial gainful levels. (Tr. 311.) ALJ Reed denied benefits on November 8, 2004, and the Appeals Council denied review. (Tr. 300-13, 288-93.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the first hearing before ALJ Bergtholdt in 1997, Plaintiff was 24 years old. (Tr. 252.) Plaintiff had resumed working part time two weeks before the 1997 hearing, as a janitor, and testified he was still working when he appeared at the 1998 hearing. (Tr. 251, 253.) In 1997, Plaintiff testified he had suffered a head injury during a sledding accident when he was about ten years old. (Tr. 255-56.) He reported the injury caused temporary blindness and amnesia and required brain surgery. (Tr. 206, 255.) Plaintiff testified he attended special education classes, culinary arts classes, and graduated from high school. After high school he worked for a nursing home, janitorial service and as prep cook. (Tr. 254.) He stated he could not work between 1994 and 1997 because of episodic ataxia (imbalance) that required him to sit down for 45 minutes to an hour. He also testified he had knee and wrist problems and severe headaches. (Tr. 255-57.) At the 2004 hearing before ALJ Reed, Plaintiff testified he had been working since 1997, (Tr. 357), and had learned to deal with the ataxia by sitting down before he lost balance. However, he also testified his knees and left hand grip problems and mental state were still the same as they were

during the alleged closed period of disability. (Tr. 400-02, 405.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Reed found Plaintiff was requesting a closed period of disability beginning September 1, 1994 through May 1, 1998. (Tr. 311.) She found he had resumed substantial gainful activity by February 1998. (*Id*.)  At step two, she found Plaintiff had severe mental impairments and a severe impairment of ataxia. (Tr. 312.)  At step three she found these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (*Id*.) Referencing evidence of inconsistent statements, exaggerations, and the lack of formal treatment for the alleged symptoms, ALJ Reed found Plaintiff not credible. (Tr. 308, 312.)  At step four, she determined Plaintiff had the residual functional capacity (RFC) to perform work at all exertional levels, with the following non-exertional limitations:

> [H]e is limited to work requiring the ability to understand, carry out and remember no more than simple instructions; he is able to read at a fifth grade level and perform simple math calculations, but would require a calculator for more complex math calculations; he would do best learning tasks that were demonstrated or shown to him and verbally explained, and where new tasks could be presented to him in a low stimuli environment.  In addition, the claimant is required to avoid work at unprotected heights, or requiring climbing ropes, ladders and scaffolds.

(Tr. 312.) Based on VE testimony and the RFC determination, the ALJ found Plaintiff's limitations did not preclude performance of his past work as a janitor, prep cook, kitchen helper and warehouse worker. (*Id*.)  She concluded Plaintiff was not under a disability as defined by the Social Security Act, during the alleged closed

period at issue.  (*Id.*)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when she relied on the opinions of a non-examining medical expert, and did not give specific, legitimate reasons for rejecting the conflicting opinions of his examining psychologists.  He contends if the erroneously rejected medical opinions are credited properly, VE testimony supports a finding of disability. (Ct. Rec. 14 at 14-15.)

## DISCUSSION

### Evaluation of Medical Source Opinions

In disability proceedings, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record.  The Regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records.  20 C.F.R. §§ 404.1527, 416.927.  A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion.  *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

In his determination of disability, the Commissioner must

provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830. If the medical opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043. In evaluating medical evidence, "the ALJ can meet [his or her] burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding an examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Rejection of an examining medical source opinion is specific and legitimate where the evidence shows the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, (9th Cir. 2008). The claimant's credibility is also an appropriate factor weighed in the evaluation of medical evidence. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Medical opinions based on a claimant's subjective complaints may be rejected where the

claimant's credibility has been properly discounted.[1] *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff contends the ALJ did not give specific and legitimate reasons for rejecting opinions of examining psychologists of Clay Jorgensen, Ph.D. and Dennis Pollack, Ph.D. and Deborah Brown, examining mental health therapist.[2] He claims it was legal error

---

[1] The ALJ's detailed credibility findings are specific, "clear and convincing" and unchallenged. (Tr. 307-09.) She properly referenced instances of inconsistency between Plaintiff's statements to medical providers, as well as a lack of medical evidence to support his allegations of temporary blindness, coma, musculoskeletal pain, and knee swelling. (Tr. 308.) These are proper reasons for rejecting a claimant's statements. *See e.g. Flaten*, 44 F.3d at 1463-64.

[2] Ms. Brown was not a licensed psychologist in 1994 and 1995, when she examined Plaintiff and completed the psychological evaluation reports at issue. (Tr. 210-13, 181-84.) Further, the evidence does not establish that she was under the direct supervision of a licensed psychologist. Because she was not a licensed psychologist, and therefore not an "acceptable medical source" under the Regulations, her opinions are not given as much weight as the opinions of Drs. Jorgensen, Pollack, and Bostwick. 20 C.F.R. §§ 404.1513(a)(2),(d), 416.913(a)(2),(d). Although the ALJ is required to consider opinions from mental health therapists, they may be rejected with reasons "germane" to the examiner. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Here, the ALJ considered

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

for the ALJ to base her determination on Dr. Bostwick's testimony because he was a non-examining psychologist. However, courts have upheld an ALJ's decision to reject the opinion of an examining physician based in part on the testimony of a non-examining medical advisor. *Lester*, 81 F.3d at 831. The analysis and opinion of an expert selected by an ALJ may be helpful in his adjudication, and the court should not second guess the ALJ's resolution of conflicting medical testimony. *Andrews,* 53 F.3d at 1041; *Magallanes,* 881 F.2d at 753. Further, testimony of a medical expert may serve as substantial evidence when supported by and consistent with other evidence in the record. *Id.* If the relied upon medical expert testimony is supported by substantial evidence, the ALJ's decision must be upheld, even where the evidence is susceptible to more than one rational interpretation. *Andrews,* 53 F.3d at 1039-40.

*De novo* review of the medical records, Plaintiff's testimony in 1997 and 2004, and Dr. Bostwick's detailed and comprehensive

---

the evaluations completed by Ms. Brown, (Tr. 305), as well as Dr. Bostwick's testimony regarding her use of the Shipley screening tool as a measure of cognitive functioning without factoring in the effects of a learning disability on the test results. (*See* Tr. 181, 210.) The ALJ noted Dr. Bostwick's testimony and found Dr. Brown's results were found less reliable than Dr. Jorgensen's battery of psychological tests. (Tr. 307.) The ALJ did not err in her consideration of Ms. Brown's opinions.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

testimony regarding the objective testing results and opinions of the examiners indicates the ALJ's summary and interpretation of the medical evidence reflects a reasonable resolution of conflicts in the medical evidence. As directed by this court, ALJ Reed called a medical expert to assist her in re-evaluating the medical sources opinions, "including those of Dr. [sic] Brown, Dr. Pollack and the medical expert." (Tr. 319.) As noted by the ALJ in her decision, Dr. Bostwick's assessment "was based on consideration of the conflicting psychological test results, together with the claimant's behavior and history, his pattern of behavior and a longitudinal view of the evidence."[3] (Tr. 307.)

In her discussion of Dr. Bostwick's testimony, the ALJ effectively rejected examining medical opinions that were contradicted and/or unsupported by the evidence. As the Ninth Circuit has emphasized, the ALJ is not required to recite specific words in rejecting medical opinions. *Magallanes,* 881 F.2d at 755. On review, the court can read the adjudicator's summary of the evidence and draw inferences. *Id*. Here, based on the ALJ's summary of the medical evidence, (Tr. 303-06), and her explanation of Dr.

---

[3] It is noted on review that Dr. Bostwick's testimony and certificate of qualifications indicate he has additional training and expertise in neuropsychological evaluations. (Tr. 356, 392.) As a specialist in the field of neuropsychology, his opinions are given a more weight than to medical sources who are not specialists. 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

Bostwick's detailed assessment of objective test results and observations by the examiners, the court can draw inferences regarding the ALJ's reasoning.

For example, the court reasonably can infer from the ALJ's findings that she rejected Dr. Jorgensen's diagnosis of panic disorder because it was based on Plaintiff's self report and there is no evidence to support an "enduring anxiety disorder." (Tr. 306.) This reason is supported by the rest of the record. (*See e.g.*, Tr. 184, 207-08, 213, 223 (no unusual anxiety symptoms reported), 269 (Dr. Mabee's concurring expert testimony in 1997).) The ALJ also specifically rejected Dr. Pollack's diagnosis of personality disorder and marked limitations because the opinions are not supported by other objective testing, Dr. Pollack's own narrative report, other examiner observations, or Plaintiff's self report. (Tr. 306-07, 222-25.) Further, as supported by the longitudinal record, Dr. Bostwick noted Plaintiff had a history of good social functioning. (Tr. 307.) Plaintiff does not reference evidence in the record to controvert this finding. However, the step two finding of "severe mental impairments" indicates the diagnoses of dementia and cognitive disorders from the head injury identified by Drs. Jorgensen and Pollack and Ms. Brown were accepted by the ALJ. (Tr. 209, 212, 225.)

ALJ Reed's determination that Plaintiff was not disabled, as defined by the Social Security Act, during the alleged closed period of disability reflects a reasonable interpretation of her independent assessment of the record in its entirety, Dr. Bostwick's testimony, as well as Plaintiff's credible testimony. As stated by

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

Plaintiff at the 2004 hearing, his ataxia and need to rest were the main reasons he could not work during the alleged closed period of disability.  (Tr. 408-09.)   However, he then testified these conditions had "not really" changed since 1994-96.  (Tr. 409.)

Because the medical evidence supports Dr. Bostwick's expert testimony in which he explained neurological testing and modes of interpretation, it is considered substantial evidence.  (Tr. 379-92.)  The ALJ properly relied on his expertise to assist her in resolving the conflicting medical opinions. *Andrews*, 53 F.3d at 1041.

**CONCLUSION**

The Commissioner's determination of non-disability is supported by substantial evidence and free of legal error.  Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13 )** is **DENIED**;

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED January 4, 2011.

s/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13